

# In the Court of Criminal Appeals of Texas

No. WR-93,207-06

EX PARTE JASON MICHAEL BADYRKA,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1129647-B in the 182nd District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant pled guilty in 2007 to robbery and two other charges, and he received three concurrent eight-year sentences. These sentences were discharged in 2016. The First Court of Appeals dismissed his appeal in 2021. *Badyrka v. State*, No. 01-21-00339-CR (Tex. App.—

Houston [1st Dist.] Nov. 16, 2021) (mem. op., not designated for publication).

In March 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his plea was involuntary, and that his trial counsel was ineffective, resulting in loss of street time credit.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant pled guilty in 2007 and discharged his sentences in 2016, but this writ application was not filed until over fourteen years after his plea and over five years after discharge of his sentences, respectively.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court "may *sua*

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

*sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                      June 15, 2022
**DO NOT PUBLISH**